WHITE v. COUGHLIN.

(Supreme Court, Appellate Division, Third Department. May 28, 1912.)

APPEAL AND ERROR (§ 1151*)—DISPOSITION OF CASE—MODIFICATION.

In an action for a partnership accounting, where the variance between the amount due as shown by the findings and the amount stated in the court's conclusions must have been due either to the inclusion of interest, as to, which there was no finding, or to error in computation, the Appellate Division will correct the judgment to conform to the findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–4506; Dec. Dig. § 1151.*]

Appeal from Judgment on Report of Referee.

Action by George R. White against John Coughlin for a partnership accounting. From a judgment on the report of a referee, defendant appeals. Modified.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Bertrand W. Nye, of Watkins (Irving W. Cole, of Buffalo, of counsel), for appellant.

Seaman F. Northrup, of Watkins, for respondent.

LYON, J. This action was brought to obtain an accounting of a partnership which plaintiff claims existed between him and defendant. The complaint demanded a sale of the partnership property, the payment of the partnership debts, the appointment of a receiver, the division of any surplus, and an injunction restraining the defendant from disposing of the partnership assets, and from entering into any new transactions on behalf of the partnership. The answer denied the alleged partnership excepting as to the construction of a single building in 1895, and alleged that a settlement was had in full between the parties in March, 1909. The action being at issue was by stipulation made in open court sent to a referee agreed upon by the

parties "to hear, try, and determine the cause and the whole issues therein." Upon the trial the parties without objection, and, as stated in the findings, by agreement, offered and received evidence relating to the individual indebtedness between them, and in his findings the referee stated that the plaintiff was personally indebted to the defendant in the sum of $107, which sum the referee deducted from the amount in which he found that the defendant was indebted to the plaintiff on account of partnership matters. However, the items of indebtedness of defendant to the partnership, as stated in the findings, aggregated the sum of $558.84, of which one-half, $279.42, was charged to the defendant, but in his conclusion of law the referee found that the plaintiff was entitled to one-half the amount of the above items, which he stated at $291.13, from which he deducted said $107, leaving the sum of $184.13 as the balance due to the plaintiff from the defendant. Just how the referee arrived at the result in his conclusion of law is not apparent. It was possibly by including interest, as to which there is no finding, or by an error in addition or division, as one-half the aggregate of the three items stated in the findings of fact is $279.42 instead of $291.13, as stated by the referee, and the sum for which judgment should have been directed was $172.42, instead of $184.13. As it is evident from the record that all matters both of an individual and partnership nature were by mutual consent of the parties litigated, and that the error is merely clerical, the court will correct the judgment to correspond to the findings of fact by deducting therefrom the sum of $11.71, and, as so modified, affirm the same without costs of appeal.

Judgment modified by reducing the same from $375.35 to $363.64, and, as so modified, affirmed without costs.

Judgment modified by reducing same $11.71, and as modified affirmed without costs. All concur. BETTS, J., in result.